IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **PITT-OHIO EXPRESS, LLC** | * | |
| Plaintiff, | * | |
| v. | * | Case No. WDQ-12-2050 |
| **OMEGA INTERNATIONAL CORP.,** | * | |
| **T/A OMEGA INTERNATIONAL INC.** | * | |
| **T/A OMEGA INTERNATIONAL** | | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

The above-referenced case was referred to the undersigned for review of plaintiff's motion for default judgment and to make recommendations concerning damages, pursuant to 28 U.S.C. § 301 and Local Rule 301.6. (ECF No. 9.) Currently pending is plaintiff's Motion for Judgment by Default ("Motion"). (ECF No. 8.) No hearing is deemed necessary. See Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons discussed herein, I respectfully recommend that plaintiff's Motion (ECF No. 8) be GRANTED and that relief be awarded as set forth herein.

### I.   STANDARD FOR ENTRY OF DEFAULT JUDGMENT

In reviewing a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001). It remains for the court, however, to determine whether these unchallenged factual allegations constitute a legitimate cause of action. Id. If the court determines that liability is established, the court must then determine the appropriate amount of

damages.  Id.  The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.  See, e.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999).  The court may make a determination of damages without a hearing, so long as there is adequate evidence in the record, such as detailed affidavits or documentary evidence, for the award.  See, e.g., Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).

## II.      DISCUSSION

### A.  Defendant's Liability

I have reviewed plaintiff's Complaint (ECF No. 1), and find that plaintiff has stated a cause of action based on defendant's failure to pay freight charges as incurred.  Plaintiff is an interstate motor carrier of commodities.  Plaintiff and defendant entered a series of contracts for the transportation of goods between May 2011 and August 2011.  (ECF No. 1-4.)  Taking plaintiff's factual allegations as true, plaintiff performed its obligations under the contracts at issue, but defendant failed to pay the freight charges incurred.  Accordingly, defendant is liable for the unpaid amounts, pursuant to Bills of Lading incorporating the rules, rates, and charges governing the services that plaintiff provided (ECF No. 1-5), and 49 U.S.C. § 13706.

After defendant failed to answer or otherwise defend within twenty-one days, plaintiff properly moved, pursuant to Federal Rule of Civil Procedure 55(a), for an entry of default.  (ECF No. 6.)  The Clerk of this court entered defendant's default on November 15, 2012.  (ECF No. 7.)  On January 3, 2013, plaintiff filed the pending Motion (ECF No. 8), to which defendant has not responded.  In sum, plaintiff has demonstrated that it is entitled to a default judgment against defendant.

### B. Damages

Having determined that plaintiff has proven liability, the undersigned now undertakes an independent determination of the damages to which plaintiff is entitled. I have reviewed the documents attached to plaintiff's Complaint, as well as plaintiff's Motion and the attached affidavit of Diana Early, plaintiff's Vice President of Administration (ECF No. 8-2.) Based on these documents, including the calculations reflected in Ms. Early's affidavit, I find that plaintiff is entitled to recover defendant's outstanding balance for freight charges in the amount of $12,781.34. In addition, the contract between the parties imposes penalties for non-payment of freight charges, including interest at 10% per annum, and collection fees of 25% of the total outstanding balance. (ECF No. 1-5 at 22-23.) I find that plaintiff is entitled to pre-judgment interest in the amount of $1060.50 and collection fees in the amount of $3,195.34, as detailed in Ms. Early's affidavit. (ECF No. 8-2.) Finally, plaintiff's claim for costs of suit in the amount of $440.00 is justified. Accordingly, I conclude that plaintiff's request for damages, pre- and post-judgment interest, collection fees, and costs is reasonable and documented in the record and recommend granting these requests.

### IV. CONCLUSION

In sum, I recommend that:

1. The court grant plaintiff's Motion for Judgment by Default (ECF No. 8); and
2. The court enter judgment in favor of plaintiff in the amount of $17,477.18 consisting of an award for unpaid freight charges in the amount of $12,781.34, pre-judgment interest in the amount of $1,060.50, collection fees of $3,195.34, $440.00 in costs of suit, and post-judgment interest from the date of judgment; and

   I also direct the Clerk to mail a copy of this Report and Recommendation to defendant at

the address listed on plaintiff's Complaint.  (ECF No. 1.)

  Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Date:   February 15, 2013                              /s/
                       Beth P. Gesner
                       United States Magistrate Judge